UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA ZIRKER, #460288,

    Petitioner,

                                         Civil No: 06-CV-11175
                                         Honorable Patrick J. Duggan
                                         Magistrate Judge R. Steven Whalen
v.

SUSAN DAVIS,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County
of Wayne, State of Michigan on March 17, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT

      Petitioner, Martha Zirker, is a state inmate currently incarcerated at Huron Valley Complex - Women in Ypsilanti, Michigan. Petitioner was convicted at the conclusion of a Washtenaw County Circuit Court jury trial of one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and three counts of second-degree criminal sexual conduct, *id.* § 750.520c. Petitioner was sentenced to concurrent terms of fourteen to thirty years imprisonment and six to fifteen years imprisonment, respectively. Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. §2254. For the reasons stated below, the Court denies the petition.

## I. BACKGROUND

Petitioner's convictions arose from her alleged sexual assault upon Brandon Cleaves, the ten year old son of her friend, Jennifer Barnes. Although there is evidence that Petitioner made inculpatory statements to certain law enforcement officials, she maintains that she did not sexually assault Brandon Cleaves. The state appellate court in this case set forth the underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. App'x. 730 (6th Cir. 2002), as follows:

> Defendant was a friend of the victim's mother and temporarily resided in their apartment. Defendant babysat for the victim and his siblings. The victim testified that on various occasions, defendant would touch him in uncomfortable ways and on two occasions, placed his penis in her vagina. These incidents occurred in various areas of the apartment, including in the victim's bedroom where his siblings were sleeping and while his parents slept in the bedroom next door. Defendant also kissed or touched the victim's penis in various other locations including a hotel where his family temporarily stayed, his step-grandmother's house, in the car, as well as other locations. The victim never told anyone of this incident while living in Ypsilanti. However, while living in Oklahoma, the victim exhibited odd behavior that prompted his parents to inquire. It was then that the victim told his parents what defendant had done. After the victim's mom confronted defendant, defendant admitted that there were some incidents and that she knew that it was not right.

*People v. Zirker,* No. 250333, 2004 WL 2997549, *1 (Mich. Ct. App. Dec. 28, 2004) (unpublished). Petitioner filed an appeal of right and raised the following claim:

> I. The trial court abused its discretion when it allowed the photograph of complaint [sic] witness into evidence over defense counsel's objection.

The Michigan Court of Appeals affirmed Petitioner's conviction. *Id.* at *3. Petitioner filed an application for leave to appeal with the Michigan Supreme Court and raised the same issue as that which was presented before the Michigan Court of Appeals. Petitioner's

application for leave was denied in a standard order. *People v. Zirker,* 473 Mich. 884; 699 N.W.2d 705 (2005) (table). Petitioner now seeks a writ of habeas corpus asserting the claim presented in the state appellate courts. Respondent filed an answer to the petition, asserting that Petitioner's claim does not involve an objectively unreasonable application of clearly established Supreme Court law.

## II.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state court decisions. Petitioner is entitled to the writ of habeas corpus if she can show that the state court's adjudication of her claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

"[A]n *unreasonable* application of federal law is different from an *incorrect* application

3

of federal law." *Id.*, 529 U.S. at 410, 120 S. Ct. at 1522 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law is objectively unreasonable." *Id.*, 529 U.S. at 409, 120 S. Ct. at 1521. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker,* 371 F.3d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

### III.  DISCUSSION

#### A.

#### Admissibility of Photographic Evidence

Petitioner claims that the trial court erred when it allowed into evidence a photograph of Brandon Cleaves when he was ten years old, his age at the time the alleged sexual assaults took place. Since Brandon Cleaves was twelve years old at the time of trial, the prosecution argued that it was relevant for the jury to see the age and maturity of Brandon Cleaves at the time the incidents occurred.  The Michigan Court of Appeals agreed and stated as follows:

> Defendant's claim that the trial court abused its discretion in allowing the photograph of the victim at age ten lacks merit because the photograph is relevant and probative of his age and maturity at the time the incidents occurred. . . .
>
> . . . .
>
> Although defendant characterizes plaintiff's reasoning behind the request to admit the photograph as solely to explain the victim's delay in making the allegations against defendant, an additional premise behind offering the photograph was to illustrate that the victim was younger and of a lower maturity level at ten years old than he was testifying at age twelve. During the trial, defense counsel emphasized the victim's delay in reporting the incidents both in his opening statement, and on his cross examination of

> the victim, by asking him if he had reported the incident as he questioned the victim on each incident. The victim was described in defense counsel's opening statement as "a young man who is now in a new place," and stated that the jury should be "looking at the young man very carefully." Further, in defense counsel's closing statement, he twice referred to the victim as being "very intelligent and well-spoken," and stated, "I don't think in hearing what [the victim] had to say and seeing [the victim], even though it's two years later, that you get a sense that he was a young man who could not speak out." This places the victim's age and maturity level while testifying and at the time of the incidents at issue, and it was not unfairly prejudicial for plaintiff to offer a photograph of the victim at age ten so the jury could see him at the age when he was abused.
>
> . . . In the present case, the photograph was not offered to distinguish between types of criminal sexual conduct, and its content was not gruesome in nature. It was offered to show the victim's age when the incidents occurred, and its relevance is heightened because of defendant's use of arguments placing the victim's age and maturity at issue, which would prompt the jury to view the victim as of age twelve rather than ten. We hold, therefore, that the trial court did not abuse it discretion in allowing into evidence the photograph of the victim at age ten.

*People v. Zirker,* No. 250333, 2004 WL 2997549, *1-2.

It was not improper for the prosecutor to show the jury what Brandon Cleaves looked like during the time period in which the alleged abuse took place. *Pearl v. Cason,* 219 F. Supp. 2d 820, 830 (E.D. Mich. 2002) (it was not error for the prosecutor to show the jury relevant photographs to provide "a more accurate depiction of the victim"). The Sixth Circuit has expressed reluctance to find constitutional error in the admission of gruesome or provocative photographs as the admission of such evidence usually fails to raise "the spectre of fundamental fairness such as to violate federal due process of law." *Cooey v. Coyle,* 289 F.3d 882, 894 (6th Cir. 2002) (quoting *Gerlaugh v. Stewart,* 129 F.3d 1027, 1032 (9th Cir. 1997)). In this case, the photograph was neither gruesome nor provocative, but rather was a picture of Brandon Cleaves with a smile on his face. The photo proposed to accurately depict what he looked like when he was ten years old.

5

Moreover, as set forth above, because Brandon Cleaves' age became an issue which was before the jury, the photograph of Brandon Cleaves when he was ten years old was relevant and probative. Therefore, it was not unreasonable for the prosecutor to remind the jury that Brandon Cleaves was two years younger and less mature at the time of the alleged sexual assaults.

Petitioner relies upon Michigan evidentiary law in support of her position. However, the Court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, generally are not cognizable grounds for federal habeas relief. *See Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80 (1991); *Serra v. Mich. Dept. Of Corrections,* 4 F.3d 1348, 1354 (6th Cir. 1993); *see also Olsen v. McFaul,* 843 F.2d 918, 933 (6th Cir. 1988) (observing that such claims are almost always rejected as grounds for granting a writ of habeas corpus). Only where admission of the disputed evidence rendered the trial so fundamentally unfair as to constitute a denial of federal rights may it provide grounds for granting a writ of habeas corpus. *See Serra*, 4 F.3d at 1354.

Petitioner has not shown that the admission of the subject photograph of the victim when he was ten years old rendered her trial fundamentally unfair. The photograph was relevant and timely submitted into evidence. Moreover, Petitioner's challenge to this evidence is solely based upon Michigan law. A federal court cannot grant habeas relief based upon a perceived error in state law. This Court will not disturb the state trial court's determination that the admission the photographs during the prosecution's case was proper under Michigan law.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

                                            _____
                                            S/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT COURT

Dated: March 17, 2009

Copies To:
Martha Zirker #460288
Huron Valley Complex-Women
3511 Bemis Road
Ypsilanti, MI 48197

Raina I. Korbakis, Esq.